IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GWINNETT COUNTY SCHOOL
DISTRICT,
   Plaintiff,

    v.

A.A., B.A., and D.A.,
   Defendants.

CIVIL ACTION FILE
NO. 1:09-CV-445-TWT

ORDER

This is an action under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 et seq. It is before the Court on the Plaintiff's Motion to Strike the Defendants' Motion for Summary Judgment [Doc. 56], the Plaintiff's Motions to Submit Additional Evidence [Docs. 72, 91], the Defendants' Second Motion to Supplement to Administrative Record [Doc. 83], and the Plaintiff's Motion for Oral Argument [Doc. 96]. For the reasons stated below, the Plaintiff's Motion to Strike the Defendants' Motion for Summary Judgment [Doc. 56] is DENIED, the Plaintiff's Motions to Submit Additional Evidence [Docs. 72, 91] are GRANTED, the Defendants' Second Motion to Supplement to Administrative Record [Doc. 83] is GRANTED, and the Plaintiff's Motion for Oral Argument [Doc. 96] is DENIED.

I.  Introduction

A.   IDEA Framework

The Individuals with Disabilities Education Act ("IDEA") provides federal assistance to states that provide a free appropriate public education ("FAPE") to children with disabilities. 20 U.S.C. § 1412(a)(1)(A). States must identify children in need of special education and develop an "individualized education program" ("IEP") that meets the requirements of the Act. The IEP should allow disabled children to be educated in the least restrictive environment. In other words, children with disabilities should be educated with children who are not disabled except when "the nature or severity of the disability . . . is such that education in regular classes with the use of supplementary aids and services cannot be achieved satisfactorily." 20 U.S.C. 1412(a)(5).

If a parent disagrees with the IEP or believes that his child has been denied a FAPE, he is entitled to an administrative hearing. 20 U.S.C. § 1415(f)(1)(A); O.C.G.A. § 20-13-41(a)(1). Either party may appeal the decision of the administrative law judge in the United States District Court. 20 U.S.C. 1415(i)(2)(A). The district court may "grant such relief as the court determines is appropriate." Id.

B.  Procedural History

On November 28, 2007, A.A. and her parents filed a due process hearing request against the Gwinnett County School District seeking reimbursement and other compensatory payments for violations of their rights under the IDEA. An administrative law judge heard testimony and arguments from both parties and made findings of fact and conclusions of law based on this record. He determined that the Gwinnett County School District had violated A.A.'s rights by failing to provide her a FAPE. He awarded A.A. $55,626.90 in reimbursement and ordered private placement at Lindamood Bell and the Cottage School at public expense. The Gwinnett County School District now seeks to have that decision set aside by this Court.

III.  Motions to Submit Additional Evidence

A.  Standard

Ordinarily, judicial review of an administrative decision is limited to the record before the administrative body. However, the IDEA authorizes district courts to hear additional evidence at the request of a party. 20 U.S.C. § 1415(i)(2)(C). "The determination of what is 'additional' evidence must be left to the discretion of the trial court . . . ." Walker County School Dist. v. Bennett, 203 F.3d 1293, 1298 (11th Cir. 2000). "The reasons for supplementation will vary; they might include gaps in the

administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing." Id.

B.   Discussion

1.   Plaintiff's Motions to Submit Additional Evidence

The Plaintiff's Motions to Submit Additional Evidence ask the Court to consider (1) the affidavit of Evonne Shepherd, (2) the affidavit of Colleen Weinkle, (3) the affidavit of Theresa Crowley, (4) the affidavit of Tina Duncan, (5) the affidavit of Jennifer Allred, (6) the affidavit of Amie McCaleb, (7) the affidavit of Dr. Thomas Oakland, (8) the 1995-1996 records from Emory University, (9) excerpts and exhibits from the deposition of Lisa Genereux, and (10) a second affidavit of Dr. Oakland. Shepherd, Weinkle, Crowley, and McCaleb taught A.A. during elementary school, and Duncan serves as the assistant principal of A.A.'s former school. The School District offers their affidavits to rebut Lee Dilidili's affidavit, which was offered as supplementary evidence by A.A. and already admitted by this Court. Because they are offered to rebut A.A.'s supplementary evidence, the Court will consider these affidavits. The School District also offers the affidavit of Dr. Oakland, an expert witness who testified at the administrative hearing, and Lisa Genereux, the director of the Lindamood Bell Center, to rebut Dilidili's testimony. The Court will also

consider these affidavits as rebuttal evidence. Allred is a speech and language pathologist who worked with A.A. in 2007 and 2008. She was on maternity leave and unavailable to testify during the administrative hearing. Accordingly, her testimony is admissible under <u>Walker</u>. Finally, the Emory records were excluded by the trial court, but the School District argues they are relevant to whether the District properly identified A.A. and whether A.A.'s claim is barred by the statute of limitations. The Court agrees and will consider these records as well.

### 2.  Defendants' Motion to Submit Additional Evidence

The Defendants' Motion to Submit Additional Evidence asks the Court to consider (1) the affidavit of A.A.'s father, (2) the affidavit of Dr. Jacque Digieso, (3) the complete deposition of Lisa Genereux, and (4) the affidavit of Kellie Hetzel Hurt. The affidavit of A.A.'s father updates the Court on A.A.'s reading status and rebuts supplementary testimony offered by the Plaintiff. Similarly, Dr. Digieso's affidavit updates the Court on A.A.'s current status at the Cottage School. This evidence concerns "events occurring subsequent to the administrative hearing" and is therefore admissible under <u>Walker</u>. The Court will also consider Genereux's complete deposition, which was offered in part by the Plaintiff. Finally, the Court will consider Huff's deposition, which explains testing conducted at her school, as rebuttal evidence against the Plaintiff's supplementary affidavits.

## IV. Conclusion

For the reasons stated above, the Plaintiff's Motion to Strike the Defendants' Motion for Summary Judgment [Doc. 56] is DENIED, the Plaintiff's Motions to Submit Additional Evidence [Docs. 72, 91] are GRANTED, the Defendants' Second Motion to Supplement to Administrative Record [Doc. 83] is GRANTED, and the Plaintiff's Motion for Oral Argument [Doc. 96] is DENIED.

SO ORDERED, this 16 day of July, 2010.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge